```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
UNITED STATES OF AMERICA,                       :
                                                :
                                                :
                                                :   MEMORANDUM & ORDER
                  -against-                     :
                                                :   13-CR-667 (ENV)
HAROLD BOWENS,                                  :
                                                :
                                 Defendant.     :
                                                :
                                                :
-----------------------------------------------------------x
```

VITALIANO, D.J.,

Defendant Harold Bowens is named, along with Henry Kanagbou, in a 3-count indictment charging both defendants with conspiracy to import cocaine, conspiracy to possess cocaine with intent to distribute, and attempted possession of cocaine with intent to distribute. By motion, dated August 20, 2014, Bowens, relying on the Fourth Amendment, seeks to suppress post-arrest statements he made and evidence that was seized from his person following his arrest, on the ground that the arresting agents lacked probable cause for that arrest. No argument was advanced that the statements made by Bowens were obtained in violation of any right under the Fifth Amendment. See Defendant's Memorandum of Law in Support of Motion to Suppress ("Def. Mem."), dkt. #33, at 4-6. The government submitted papers in opposition to the suppression motion on August 26, and, on September 3, the Court heard oral argument. At that argument, Bowens's counsel agreed with the government that a fact hearing was not necessary to resolve the probable cause issue

1

the motion had raised. Bowens's counsel declined the Court's invitation to file a formal reply brief on this issue. (See September 4, 2014 Order.) For the reasons discussed below, Bowens's motion to suppress is now denied.

## Background

The facts pertinent to this case, which were proferred by the defendant and the government in their motion papers and at oral argument, are not in serious dispute. The Court finds them as outlined below and concludes that the government has established them upon a preponderance of the proffered evidence.

On October 1, 2013, an arriving airline passenger, who would become a confidential witness ("CW"), was detained by Homeland Security Investigations ("HSI") agents at JFK airport. The CW admitted to having swallowed 126 pellets containing cocaine—later determined to weigh approximately 1.5 kilograms. See Def. Mem. at 2. After agreeing to cooperate with HSI, the CW acknowledged that he had made multiple prior trips from Jamaica to New York for the purpose of transporting cocaine. Id. During these prior trips, upon arrival in New York, the CW would contact an intermediary named "Dennis", who would set up a rendezvous for the CW with one or two individuals at which the imported cocaine would be transferred. Id. at 2-3. In each prior instance, the drug transfer occurred at a mall in Valley Stream in Nassau County. See Complaint ¶ 8; Memorandum of Law in Opposition to Motion to Suppress ("Gvt. Mem."), dkt. # 36, at 1-2.

On October 3, 2013, the CW, working with the agents, spoke on the phone with "Dennis", and was given the telephone number of the individual to whom he was supposed to deliver the cocaine. Def. Mem. at 2-3. That individual was later

identified as co-defendant Kanagbou. Id. The CW spoke on the phone twice with Kanagbou—at approximately 12:10 p.m. and 1:05 p.m.—and, during these calls, Kanagbou told the CW to meet him at the Valley Stream mall and that he would arrive in a white Nissan. See Def. Mem. at 3; Gvt. Mem. at 2. At the September 3 hearing, the government proffered that relevant phone conversations between the CW and Kanagbou were in English.[1]

At approximately 1:15 p.m., agents accompanying the CW at the Valley Stream mall observed a white Nissan, with Maryland license plates, pull into the parking lot. Def. Mem. at 2-3; Complaint ¶ 10; Gvt. Mem. at 2. The CW identified the driver of the vehicle as Kanagbou,[2] an individual to whom he had given cocaine previously, but advised that he did not recognize the passenger—who, as made obvious by this motion, was Bowens. Gvt. Mem. at 2. After parking, Bowens exited the car and walked into the mall. Def. Mem. at 3. At that point, the CW approached the car, got in, and gave the fake cocaine provided by HSI to Kanagbou. The CW then got out of the Nissan. Id.; Gvt. Mem. at 2-3. A few minutes later, Bowens returned to the car and got in through the passenger's side door. Def. Mem. at 3; Gvt. Mem. at 3. At that point, the agents approached the car and ordered both Kanagbou and Bowens to get out. Agents asked who owned the car, and Bowens admitted that he did. Gvt. Mem. at 3. Agents then arrested both men. Id.

---

[1] Although the specific words used in those conversations are not before the Court for purposes of this motion (only the proffer as to the conversations is), the Court notes that the government did submit—after the September 3 hearing—both recordings and transcripts of the conversations between Kanagbou and the CW.

[2] The evidentiary record is silent as to whether the CW identified Kanagbou by name.

Following his arrest, agents advised Bowens of his Miranda rights using a Department of Homeland Security rights advisement form. Gvt. Mem. Ex. 1. Bowens read and signed the form stating that he was willing to answer questions without an attorney present. Id. He then confessed that Kanagbou had paid him $400 to drive Kanagbou from Maryland to New York to pick up drugs. Id.; Def. Mem. Ex. C (HSI Report of Investigation). At this point, Bowens also authorized the agents to search the contents of his cellphone. Gvt. Mem. Ex. 1. Bowens now moves to suppress his post-arrest statements and cell phone evidence on the grounds that the HSI agents lacked probable cause to arrest him.

## Analysis

Suppression, Bowens urges, is required because his warrantless arrest violated the Fourth Amendment. "A warrantless arrest is unreasonable under the Fourth Amendment unless the arresting officer has probable cause to believe a crime has been or is being committed." United States v. Rodriguez, 536 F.3d 155, 158 (2d Cir. 2008). Probable cause exists where the arresting officer has "knowledge or reasonably trustworthy information . . . sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Walxzyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007). This standard is a "practical" one that analyzes the "factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." Maryland v. Pringle, 540 U.S. 366, 270 (2003).

Bowens contends that the HSI agents lacked probable cause for his arrest because he never communicated directly with the CW, and because he was not in

the car when the CW gave the fake drugs to Kanagbou. Def. Mem. at 3-4. The agents, Bowens argues, had no reason to believe that he was anything other than an innocent bystander. The argument, however, strays far from reality.

First off, agents observed Bowens arrive at the Valley Stream mall in a vehicle, with out-of-state Maryland license plates, driven by Kanagbou, at a location hours away from the car's state of vehicle registration. Gvt. Mem. at 2. The CW, as the agents knew, had been in communication with the later-identified Kanagbou about picking up the cocaine. Id.; Def. Mem. at 3. The CW, waiting with the agents, then positively identified Kanagbou upon his arrival at the mall. Gvt. Mem. at 2. That Bowens did not personally communicate with the CW, and that he was not physically present at the exact moment of the "drug" exchange, do not negate the existence of probable cause for his arrest arising out of his joint travel with Kanagbou. Plainly, the Supreme Court has stated, in the context of the probable cause inquiry, that "a car passenger . . . will often be engaged in a common enterprise with the driver, and have the same interest in concealing the fruits or the evidence of their wrongdoing." Wyoming v. Houghton, 526 U.S. 295, 304-05 (1999). Instructively, "the Supreme Court has also said that it is reasonable to infer that if one person in a vehicle is engaged in drug dealing, so are the other passengers, because drug dealing is 'an enterprise to which a dealer would be unlikely to admit an innocent person with the potential to furnish evidence against him.'" Rodriguez at 159, quoting Pringle at 373.

Simply, the totality of circumstances here demonstrate that the HSI agents had probable cause to arrest Bowens. They had observed him arrive at the Valley

5

Stream mall with Kanagbou, who they knew had been traveling for some time in a car and who had just arranged a drug deal with the CW on a mobile telephone. The CW and the agents were waiting precisely where and when Kanagbou had instructed—exactly where Bowens arrived with Kanagbou. Those phone conversations were in English, and, in the confines of a moving car, the agents could have reasonably concluded that Bowens was aware of the phone discussions setting up the meet. From those circumstances, the agents could have reasonably inferred that Bowens was a participant in a drug conspiracy, given that Kanagbou felt free to discuss the deal in his presence. The Maryland tags on the car, Bowens's admission that he owned the car, and the knowledge that Kanagbou was traveling for a while to get to Valley Stream only tended to confirm the conclusion that Bowens was in on the deal.

Relying on Ybarra v. Illinois, 444 U.S. 85 (1979), the defense, essentially, rests on a theory of "mere presence"—that Bowens was merely present at a "premises" where a drug deal occurred (and only immediately before and after it had occurred at that), which, Bowens urges, does not supply probable cause to arrest him in connection with that drug deal. See Def. Mem. at 4-6. Defendant's blurred vision misperceives the totality of circumstances. The argument entirely overlooks the facts that (1) Bowens admitted to the HSI agents prior to his arrest that he actually owned the "premises" (a small car that could fit a few occupants at most), and (2), based on the timing of the telephone calls between Kanagbou and the CW, the agents knew that both car and passengers had traveled for at least an hour (and that the car had out-of-state license plates) to a mall in Valley Stream to conduct a drug

deal that had been openly discussed by mobile phone en route. The fact that Bowens appeared to strategically absent himself in the short period precisely when the drug deal pre-arranged by phone conversations Bowens had to have overheard took place (in the premises Bowens owned) does not amount to mere presence nor does it undermine probable cause. See United States v. Montana, 958 F.2d 516, 519 (2d Cir. 1992) (finding, in controlled delivery case, that defendant's presence at the agreed-upon location established "probable cause to believe that [defendant] was a knowing participant in the drug pickup").

## Conclusion

For these reasons, Bowens's motion to suppress his post-arrest statements and the property seized from him is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 17, 2014

s/Eric N. Vitaliano
_____
ERIC N. VITALIANO
United States District Judge